```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE
```

Adriana Serna and Charlie Serna

    v.                                    Civil No. 14-cv-49-JD
                                          Opinion No. 2015 DNH 159
Olde Jackson Village, Inc.
d/b/a Nestlenook Farm and Resort


O R D E R

Adriana Serna and her husband, Charlie Serna, brought suit against the owners and operators of Nestlenook Farm and Resort ("Nestlenook"), after Adriana fell and was injured at Nestlenook while walking from the skating pond to the warming gazebo. The Sernas allege that Nestlenook was negligent in maintaining the path from the skating pond to the warming gazebo, in failing to warn of dangers, and in training and supervising the staff at Nestlenook. The Sernas move, in limine, to preclude the defendants from introducing testimony at trial about the absence of other accidents on the path before Adriana fell. Nestlenook objects.

Discussion

The Sernas contend that testimony about a lack of prior accidents is not relevant to Nestlenook's negligence in this

case and that such testimony is precluded under Federal Rule of Evidence 403.  Specifically, the Sernas argue that the circumstances of Adriana's fall are unique to her experience at Nestlenook so that the absence of other falls on the path is not probative of the conditions when she fell or Nestlenook's negligence.  Nestlenook contends that the lack of prior accidents shows that it did not have notice of a dangerous condition on the path and tends to show that the fall was not caused by the conditions on the path.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable that it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Relevant evidence is admissible unless otherwise precluded.  Fed. R. Evid. 402.  When evidence is relevant but its probative value is "substantially outweighed by the danger of . . . unfair prejudice," the evidence may be excluded despite its relevance.  Fed. R. Evid. 403.

The Sernas bring a claim of negligence, Count I, against Nestlenook, and a claim of negligent training and supervision of Nestlenook employees, Count II.  To prove negligence, a plaintiff "must demonstrate that the defendant had a duty to the plaintiff, that she breached that duty, and that the breach proximately caused injury to the plaintiff."  England v.

2

Brianas, 166 N.H. 369, 371 (2014). Duty in a negligence case depends on "what risks, if any, are reasonably foreseeable under the particular circumstances." Macie v. Helms, 156 N.H. 222, 224 (2007). An employer has a duty to exercise reasonable care to supervise its employees. Trahan-Laroche v. Lockheed Sanders, Inc., 139 N.H. 483, 485-86 (1995). Causation requires evidence to show a reasonable probability that without the defendant's conduct the plaintiff would not have been injured. Beckles v. Madden, 160 N.H. 118, 124 (2010).

The Sernas argue that evidence Nestlenook knew of no prior accidents should be excluded because such evidence does not prove that accidents did not occur, rebuttal evidence is difficult to obtain, and the lack of other accidents is not probative of the danger that existed when Adriana fell. Nestlenook argues that evidence of the lack of prior accidents is relevant and admissible in this case.

The First Circuit has held that evidence of the absence of prior accidents can be relevant to causation in negligence claims. See Varano v. Jabar, 197 F.3d 1, 5 (1st Cir. 1999); Espeaignnette v. Gene Tierney Co., 43 F.3d 1, 9-10 (1st Cir. 1994). Another judge in this court concluded in circumstances that are similar to this case that the lack of falls in a pharmacy parking lot "tend[ed] to show that the defendants had

no reason to know of or foresee the danger presented by the accumulated snow and ice, that the defendants did exercise reasonable care in maintaining the area around the CVS pharmacy, and that [the plaintiff's] fall was not caused by the defendants' negligence." Boucher v. CVS/Pharmacy, Inc., 822 F. Supp. 2d 98, 106 (D.N.H. 2011).

The Sernas argue, however, that the court in Boucher failed to properly analyze the danger of unfair prejudice under Rule 403.  The Sernas contend that it would be difficult for them to rebut the evidence of a lack of prior accidents because Nestlenook lost its business records in a fire, because Adriana may have been the first accident, and because other accidents or near accidents may not have come to Nestlenook's attention They rely on the analysis in Forest v. Beloit Corp., 424 F.3d 344 (3d Cir. 2005).

Forest involved product liability claims, and, relying on Espeaignnette, the court required a foundation for admitting evidence of a lack of prior accidents to avoid a danger of unfair prejudice under Rule 403.  Forest, 424 F.3d at 355-58. The foundation required was a showing that the evidence related to substantially similar products, a showing of the number of similar products sold and the extent of their use, and a showing that the defendant would have been aware of other accidents.

4

Id. at 358. The court also emphasized, as did the First Circuit in Espeaignnette, that the admissibility of such evidence depended on the facts and circumstances of each case. Id.

The First Circuit came to a similar conclusion in Pittman v. Littlefield, 438 F.2d 659 (1st Cir. 1971). There, the court considered the viability of a verdict in the defendant's favor when the only supporting evidence was the absence of prior accidents. The court held, relying on New Hampshire law, that "[e]vidence of the absence of prior accidents is admissible, but the party seeking to rely on it must show that conditions during the period in question were substantially similar to those prevailing at the time of the accident." Id. at 662. Without a proper foundation, the court concluded, the jury was left to "sheer conjecture" about the relevance of the absence of prior accidents. Id.

In Boucher, the court concluded that the probative value of the lack of prior accidents was not substantially outweighed by the danger of unfair prejudice despite the plaintiff's need for rebuttal evidence, which might be difficult to obtain. Boucher, 822 F. Supp. 2d at 106. The court did not discuss the need for laying a foundation before introducing evidence of the absence of prior accidents. Instead, the court suggested that cross

examination and additional witnesses could provide the plaintiff adequate rebuttal.  Id. at 106-07.

Although the absence of prior accidents is relevant in this case, to avoid the danger of unfair prejudice, Nestlenook will have to provide a foundation for that evidence.  Specifically, Nestlenook will have to show that similar icy conditions had occurred previously when skaters were using the path, how many skaters had used the path under icy conditions, and that Nestlenook would have known if other falls had occurred.  The issues about lost business records and whether accidents occurred subsequently are subjects for cross examination.

## Conclusion

For the foregoing reasons, the plaintiffs' motion in limine to exclude evidence of the absence of prior accidents (document no. 17) is denied.

SO ORDERED.

*[signature: Joseph A. DiClerico, Jr.]*
Joseph DiClerico, Jr.
United States District Judge

August 19, 2015
cc:  Stephen E. Borofsky, Esq.
     Paul B. Kleinman, Esq.
     John M. Lewis, Esq.
     David S. Brown, Esq.