UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Adriana Serna and Charlie Serna

   v.                                          Civil No. 14-cv-049-JD
                                                Opinion No. 2015 DNH 160
Olde Jackson Village, Inc.
d/b/a Nestlenook Farm & Resort



O R D E R


Adriana Serna and her husband, Charlie Serna, brought suit
against the owners and operators of Nestlenook Farm and Resort
("Nestlenook"), after Adriana fell and was injured at Nestlenook
while walking from the skating pond to the warming gazebo.  The
Sernas allege that Nestlenook was negligent in maintaining the
path from the skating pond to the warming gazebo, in failing to
warn of dangers, and in inadequately training and supervising
the staff at Nestlenook.  Nestlenook moves, in limine, to
preclude the Sernas from referring to building codes, offering
lay opinion testimony about the lack of a handrail, and from
relying on a theory that Nestlenook was negligent because of the
lack of a handrail.  The Sernas object to the motion.

Discussion

Nestlenook contends that because the Sernas do not have an expert witness to address building codes and the need for a handrail and because they did not allege that the lack of a handrail caused Adriana's fall, they cannot introduce evidence that the lack of a handrail was a defect that caused Adriana's fall.  In their objection, the Sernas address only the handrail issue, arguing that under New Hampshire cases an expert witness's opinion is unnecessary because the duty to provide a handrail is well established.  They also argue that Richard A. Ferdinand can give lay opinion testimony about the lack of a handrail.  In its reply, Nestlenook reiterates the argument that the lack of a handrail is not relevant in this case and disputes the admissibility of Ferdinand's opinion.

Adriana Serna was visiting Nestlenook with her friend, Melissa Ferdinand, and Melissa's daughters and their friend. Adriana and the girls rented skates, put them on in a warming gazebo, and walked to the skating pond.  After skating, Adriana fell as she reached to open the door to the gazebo.  Melissa's husband, Richard A. Ferdinand, went to Nestlenook a few days later to inspect the area where Adriana fell.

A.  Building Codes

The Sernas do not dispute that part of Nestlenook's motion which seeks to preclude all evidence of building codes. Therefore, no evidence of building codes, including the BOCA National Property Maintenance Code and the International Maintenance Code, will be permitted at trial.

B.  Evidence of the Lack of Handrail

Nestlenook contends that the Sernas can offer no evidence about the lack of a handrail along the path to the warming gazebo.  In support, it argues that the Sernas did not allege that the lack of a handrail caused Adriana's fall, that expert opinion is necessary to show that a handrail would have prevented Adriana's fall, and that Ferdinand cannot give opinions that the lack of a handrail caused the fall.  The Sernas argue that evidence of the lack of a handrail is admissible.

1.  Claim

The Sernas bring a claim of negligence, Count I, against Nestlenook.  To prove negligence under New Hampshire law, a plaintiff "must demonstrate that the defendant had a duty to the plaintiff, that she breached that duty, and that the breach proximately caused injury to the plaintiff."  England v.

Brianas, 166 N.H. 369, 371 (2014).  Duty in a negligence case depends on "what risks, if any, are reasonably foreseeable under the particular circumstances." Macie v. Helms, 156 N.H. 222, 224 (2007).  Causation requires evidence to show a reasonable probability that without the defendant's conduct the plaintiff would not have been injured.  Beckles v. Madden, 160 N.H. 118, 124 (2010).

 Nestlenook relies on Brown v. Bonnin, 132 N.H. 488 (1989), for the proposition that because the Sernas alleged that the slippery condition of the pathway caused Adriana's fall, they cannot also claim that the lack of a handrail caused the fall. The Sernas contend that Brown is inapposite to the circumstances of this case.

 In Brown, the plaintiff brought suit to recover for her injuries after she fell while walking down stairs outside her apartment building.  132 N.H. at 488-89.  The plaintiff testified that although a handrail existed on the right side of the stairs, she was descending on the left side, without a handrail, and she slipped on a gluey substance on the second step and fell.  Id. at 489.  At trial, the judge instructed the jury to disregard evidence about the risers, the nosings, the treads, and the handrail on the stairs.  Id. at 491.  On appeal, the supreme court affirmed that ruling because the plaintiff's

claim was that she slipped on something gluey on the second
stair, not that the nosings, treads, or risers were defective,
and because the plaintiff chose to descend the stairs on the
side without a railing.  Id. at 491-93.  The trial court also
precluded the plaintiff's expert from testifying about the
building code's handrail requirement because he was merely
repeating the code, which was hearsay, but not providing an
expert opinion, and the supreme court affirmed that ruling.  Id.
at 493-94.

In contrast, the Sernas allege that both the slippery
pathway and the lack of a handrail contributed to cause
Adriana's fall.  The Sernas allege by way of background that
Adriana, and the girls who went skating with her, walked on the
path from the gazebo and down the stairs to the pond.  On the
way back, Adriana walked up the stairs, with the railing, to the
path, without a railing, and fell when she reached for the door
of the gazebo.  They allege that "[s]he tried to steady herself,
but there was no hand rail on this portion of the pathway."

They also allege that "[t]he lack of a hand railing leading
from the top of the stairs to the warming gazebo and the
improper lighting made an unreasonably perilous situation even
more dangerous; and said danger could have been easily
remedied."  They further allege that Nestlenook "knew, or should

have known, of the dangerous condition of the premises including the pathways therein, and that the patchwork sections of rubberized matting of differing surfaces textures would be especially dangerous in icy conditions, and that the failure to provide a railing for skaters represented an unreasonably dangerous risk . . . ."

In Count I, the Sernas allege that the pathway was icy, snowy, slippery, uneven, buckled, and dangerous and that "this pathway, which lacked a hand rail, was the only way patrons could get between the pond and the warming gazebo."  They also allege that the pathway was dangerous and had no handrail.

Based on the allegations in their complaint, the Sernas allege that Nestlenook was negligent, in part, because there was no handrail on the path from the stairs to the gazebo and that the lack of a handrail contributed to cause Adriana's fall. Specifically, the Sernas allege that Nestlenook had a duty to provide a handrail because of the risk of slipping on the pathway; that the icy, slippery, and uneven conditions on the pathway caused Adriana to slip; and the lack of a handrail contributed to cause her to fall.  Therefore, evidence of the lack of a handrail on the pathway is relevant to show that Nestlenook was negligent.  See Fed. R. Evid. 401.

2.  Expert

To the extent Nestlenook contends that the Sernas must have
an expert to introduce evidence that the lack of a handrail was
a defect, they provide no authority in support of that
assertion.  The Sernas cite a litany of cases, beginning in
1883, to show that the New Hampshire Supreme Court has
repeatedly recognized the duty to construct and maintain a
proper railing without requiring expert opinion.  In response,
Nestlenook argues that the cited cases pertain to situations
where railings would be expected.

This case does not appear to be "one of the rare causes of
action in which the law predicates recovery upon expert
testimony."  Salem v. U.S. Lines Co., 370 U.S. 31, 35 (1962).
Rather, when there is sufficient factual evidence of the
potential danger, a jury can decide whether railings or
handholds were required.  Id. at 34-36.  Therefore, Nestlenook
has not shown that evidence about the lack of a handrail in this
case can be introduced only through expert opinion.

3.  Lay Opinion

Nestlenook seeks to bar Richard Ferdinand from testifying
at trial to any opinions that a handrail was necessary or that
the lack of a handrail was hazardous.  The Sernas argue that
Ferdinand can provide lay opinion under Federal Rule of Evidence

701.  They candidly admit, however, that they could find no

supporting federal cases.

Rule 701 provides that if a witness is not an expert under

Federal Rule of Evidence 702, an opinion must be "rationally

based on the witness's perception," must be "helpful to clearly

understanding the witness's testimony or to determining a fact

in issue," and must not be "based on scientific, technical, or

other specialized knowledge within the scope of Rule 702."  The

witness's perception must be based on firsthand knowledge, that

is, the witness's own observations at the scene of the accident.

Lacaillade v. Loignon Champ-Carr, Inc., 2011 WL 5520942, at *1-

*2 (D.N.H. Nov. 14, 2011) (citing cases).  The requirement that

the opinion be helpful to the jury bars opinions when the

witness is no better suited than the jury to arrive at that

assessment.  United States v. Meises, 645 F.3d 5, 16 (1st Cir.

2011).  Further, a lay opinion cannot be based on someone else's

observations or perceptions.  Smith Marine, Inc. v. Kyle Conti

Constr., LLC, 2013 WL 3766554, at *8 (D. Mass. July 15, 2013).

As presented here, an opinion by Ferdinand about the need

for a handrail on the gazebo pathway would not meet the

requirements of Rule 701.  Ferdinand did not witness the

accident.  Although he did see the pathway, the Sernas have not

shown that his observations would be helpful the jury who will

8

have evidence of the lack of a handrail on the pathway. Further, to the extent the Sernas intend to have Ferdinand provide opinions based on information he gleaned from others at Nestlenook, that is not a proper basis for a Rule 701 opinion.

Therefore, Richard Ferdinand will not be permitted to give opinions about the need for a handrail or the danger due to not having a handrail.

## Conclusion

For the foregoing reasons, the defendant's motion in limine to preclude certain evidence (document no. 24) is granted to the extent that Richard A. Ferdinand will not be permitted to testify in the form of opinions at trial and the plaintiffs will not be permitted to reference or introduce evidence of building codes or standards.  The motion is otherwise denied.

SO ORDERED.

Joseph DiClerico, Jr.
United States District Judge


August 19, 2015

cc:  Stephen E. Borofsky, Esq.
     Paul B. Kleinman, Esq.
     John M. Lewis, Esq.
     David S. Brown, Esq.